Wilde J.
delivered the opinion of the Court. The principal question submitted to the jury in this case was a question of fraud, which has been decided in favor of the plaintiff; and the evidence reported appears to the Court sufficient to warrant the jury in so deciding.
There was no proof of any fraud practised by the plaintiff, unless the circumstances reported were sufficient to show that he had knowledge of the fraudulent intentions of Smith, and so aided him in carrying them into effect. On this point the burden of proof was on the defendants, and it was supported by very feeble and doubtful testimony. We can perceive nothing suspicious in the circumstances attending the transfer of the bill in suit to the plaintiff. And to infer fraud from such slight circumstances, which may perhaps seem to some minds suspicious, now that we have knowledge of the fraud which was afterwards actually practised by Smith, would ap pear to us a rash and unfounded inference. At all events the state of the evidence will not authorize the interposition of the Court on this point, for there would have been a much stronger claim for such interposition if the verdict had been the other way.
It is also considered by the Court, that' the several objections to the action, raised on the trial, were rightfully overruled.
1. The memorandum made on the note by Smith, when he delivered it to the plaintiff, can in no sense be deemed an alteration of the original note. It was a memorandum of a *411 collateral agreement between the maker and the indorsee, which did no more affect the liability of the parties to the note, than it would have done had it been made on a separate paper.[1]
2. So it is no valid objection, that the note given as the consideration for indorsing the note in suit, was not presented by the person to whom it was made payable by the last indorsement. A presentment by any person in possession of a bill bona, fide, is sufficient to charge the parties to the bill. Bayley on Bills, (Phil. & Sewall’s edit.) 141.
3. We think also there is no doubt that the bill in suit was presented for acceptance in due season. The bill was payable in four months from the date,, and was presented long before it was payable.[2] If the bill had been payable at a certain period after sight, the objection would be deserving of more consideration.[3]
4. It was further objected, that the bill having been delivered to the plaintiff for a special purpose, viz. as collateral security, and not in the ordinary course of business, the defendants should have been let into the defence set up.
The Court does not know, either judicially or otherwise, whether the bill in question was indorsed in the usual course of business or not. This was a question for the jury, like the other circumstances attending the indorsement. We do not suppose, however, that there is any thing unusual and of a suspicious character, in the indorsing over or pledging a negotiable note or bill as security.
It is not, however, necessary to consider these objections very fully, because there appears, from the depositions referred to by the report, another objection to the evidence on the part of the plaintiff, which requires, we think, that a new trial should be granted.
*412 The notice to the plaintiff of the non-acceptance of the bill given as a consideration for the bill in suit, by some mistake, was misdirected, the letter of notice having been directed to Boston, the plaintiff then having his home at Lynn ; and it does not appear that he had any place of business in Boston.
This difficulty may be removed on a new trial, but as the evidence is reported the notice appears to be insufficient, and consequently the plaintiff’s payment of the bill must be considered gratuitous, and so the consideration for the bill sued has failed.[1]

New trial granted

 See Granite Railway Co. v. Bacon, 15 Pick. 239; Wheelock v. Freeman, 13 Pick. 165.

 See Barker v. United States, 1 Paine’s C. C. R. 156; Bank of Washington v. Triplett, 1 Peters’s S. C. R. 25; Evans v. Bridges, 4 Porter’s (Ala.) R. 348; Townsley v. Sumrall, 2 Peters’s S. C. R. 178.

 See Aymar v. Beers, 7 Cowen, 705; Robinson v. Ames, 20 Johns. R. 146 ; Austin v. Rodman, 1 Hawks, 195; Depau v. Browne, Harper, 259 ; Fernandez v. Lewis, 1. McCord, 322; Wallace v. Agry, 4 Mason, 336, Gowan v. Jackson, 2 Johns. R. 176; Goupy v. Harden, 7 Taunt. 159

 See Ellsworth v. Brewer, 11 Pick. 315.